# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD ROBINSON,

    Petitioner,

v.                                          No. 3:17-cv-00316-DRH

WILLIAM TRUE

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Donald Robinson, previously incarcerated at Marion, filed this Petition for Writ of Habeas Corpus pursuant to § 2241 on March 27, 2017. (Doc. 1).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

A mere 3 days after he filed this case, Petitioner filed a Change of Address form notifying the Court that he had been released from Marion and currently resides in St. Louis, Missouri. (Doc. 4). His release from custody dooms the Petition. Pursuant to 28 U.S.C. § 2241(c), the writ of habeas corpus only extends

to those who are "in custody." Petitioner is no longer in custody, and thus the district court has no jurisdiction over this suit. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983).

Additionally, his release from Marion also deprives this Court of jurisdiction, as habeas cases may only "be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Petitioner was being held in Marion, which is in this judicial district, but his release removes that basis for jurisdiction, and his Petition makes clear that his underlying case arose in the Eastern District of Missouri.

While there are other infirmities with the Petition, the Court need not address them, having decided it lacks jurisdiction over this matter. Petitioner should direct all other requests for relief to the Eastern District of Missouri, which presumably retains jurisdiction over certain matters related to the underlying criminal conviction.

## Disposition

For the reasons stated above, the instant habeas Petition is **DISMISSED** without prejudice for lack of jurisdiction. As this Petition was filed pursuant to § 2241, there is no need for a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 644 (7th Cir. 2000).

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4).

A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir.2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir.1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day$^2$ appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir.2000).

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Signed this 25th day of April, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.04.25 13:10:14 -05'00'

**UNITED STATES DISTRICT JUDGE**