IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD ROBINSON,** | ) |
| | ) |
|           **Petitioner,** | ) |
| | ) |
| vs. | )    Case No. 17-cv-316-SMY |
| | ) |
| **WILLIAM TRUE,** | ) |
| | ) |
|           **Respondent.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Petitioner Donald Robinson's correspondence filed on September 17, 2020, construed as a motion challenging the dismissal of this case and seeking to vacate Robinson's conviction. (Doc. 10). Robinson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) was dismissed without prejudice for lack of jurisdiction on April 25, 2017 by District Judge David R. Herndon. (Docs. 7, 8).[1]

At the time Robinson mailed his Habeas Petition on March 23, 2017,[2] he was incarcerated at the USP-Marion Camp, located in this judicial district. The Petition was received and docketed on March 27, 2017. (Doc. 1, p. 1). Also, on March 27, 2017, Robinson submitted a change of address notice informing the Court that he was then residing in St. Louis, Missouri; the notice was mailed from that address. (Doc. 4).

Robinson's Petition requested this Court to vacate his criminal conviction imposed in the Eastern District of Missouri, Case No. 12-cr-150-2-JAR. He claimed innocence, conflicts of

---

[1] This case was reassigned to the undersigned judge as Judge Herndon has retired.

[2] Robinson did not include a certificate of mailing with his Petition; it was postmarked on March 23, 2017. (Doc. 1, p. 11).

1

interest involving the trial judge and various attorneys, and conspiracies and other improprieties relating to his criminal charges. (Doc. 1, pp. 2-3, 5-6, 9-10). Because Robinson had been released from custody, this Court concluded it no longer had jurisdiction over his habeas corpus case and dismissed the Petition for that reason. (Doc. 7, pp. 1-2).

**Discussion**

A litigant who is dissatisfied with the outcome of his civil case in a federal district court may appeal within the time limit set forth in Federal Rule of Appellate Procedure 4(a)(1). Robinson did not do so despite being advised of his appeal rights (Doc. 7, pp. 2-3), therefore the Judgment of this Court dismissing his habeas case has become final. At this juncture, the only other avenue available to Robinson to seek relief from the judgment is Federal Rule of Civil Procedure 60(b), thus Robinson's motion shall be considered under this Rule.[3]

A Rule 60(b) motion "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1). Rule 60(b) allows relief on grounds that the judgment is void, has been satisfied or discharged, or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(4), (5), and (6).[4] The reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in

---

[3] A Rule 59(e) motion to alter or amend judgment is no longer available to Robinson as it must be filed within 28 days of the challenged judgment, a time limit which has long expired. FED. R. CIV. P. 59(e).
[4] Rule 60(b)(1)-(3) sets forth additional grounds for potential relief including mistake, newly discovered evidence, and fraud, but these grounds shall not be considered here because Robinson's motion was filed long after the expiration of the one-year time limit for invoking them. FED. R. CIV. P. 60(c)(1).

2

dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Here, Robinson argues that this Court should grant him relief because Judge Herndon allegedly "fabricated" information and "committed a crime and submitted false information" to the Clerk relating to the dates of his filings (Doc. 10, pp. 6, 8, 22). He alleges that Judge Herndon's "crime on April 4, 2016 voided his court order" (Doc. 10, p. 23) and that Judge Herndon "attempted to deny [him] due process" in this case. *Id.*

Robinson's motion, filed more than three years after the entry of judgment, was not filed within a reasonable time and may be denied for that reason alone. Moreover, on the merits, nothing in Judge Herndon's handling of this case was improper, let alone amounted to a "crime" which could void the judgment. Robinson bases his claim of fabrication and criminal conduct on the Court's text-only order of April 5, 2017 (Doc. 5) which granted his motion to proceed in forma pauperis ("IFP"). (Doc. 10, pp. 5-6; Doc. 10-1, pp. 39-40). He claims that in this Order, Judge Herndon "fabricated that he accepted again on April 4, 2017 after [Robinson] supposedly filed Motion for Leave to Proceed in forma pauperis" when the IFP motion and financial report had actually been submitted on March 23, 2017. (Doc. 10, p. 6).

In its entirety, the Order reads: "ORDER GRANTING Petitioner's motion to proceed in forma pauperis (Doc. 2) based on the financial information provided with his motion. Signed by Judge David R. Herndon on 4/4/2017." (Doc. 5; Doc. 10-1, p. 39). The IFP motion (Doc. 2), was submitted on March 23, 2017 along with the Habeas Petition and included a one-page financial report. (Doc. 2, p. 2; Doc. 10-1, p. 40). Judge Herndon signed the Order (Doc. 5) on April 4, 2017 and it was docketed the next day. Contrary to Robinson's belief, nothing in the Order (or elsewhere in the Court record) suggests that the IFP motion was filed or refiled on any

other date after the Court originally received it. (Doc. 10, p. 6, 8). There was no "fabrication," "false information," or "crime" in the IFP order, which allowed Robinson's case to proceed without payment of the $5.00 filing fee.

Robinson also disagrees with this Court's conclusion that because of his release from custody, he must seek relief in the Eastern District of Missouri where he was convicted. (Doc. 10, p. 23). This is exactly the sort of claim of legal error that should be raised in a direct appeal and which falls outside the scope of Rule 60(b). *Bell*, 214 F.3d at 801; *Parke-Chapley*, 865 F.2d at 915; *Swam*, 327 F.2d at 433. Robinson offers no reason why he could not have asserted his claims of error by filing a direct appeal of this Court's Judgment, and the Court can discern none.[5]

### Disposition

Petitioner Donald Robinson's motion challenging the dismissal of his Habeas Petition and requesting this Court to vacate his conviction (Doc. 10) is **DENIED**. This case remains **DISMISSED without prejudice**. (Doc. 7).

Petitioner may appeal *this* Order by filing a notice of appeal with this Court within 60 days of the date of this order. FED. R. APP. P. 4(a)(1)(B). It is not necessary for Petitioner to obtain a certificate of appealability as this case was brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

Petitioner is **ADVISED** that an appeal from this order will be confined to the issue of whether this Court abused its discretion in denying the Rule 60(b)(6) motion at Doc. 10; it will

---

[5] While Robinson did not appeal from this Court's dismissal, he states that in September 2017 (some five months after the entry of Judgment), he filed a Judicial Misconduct Complaint against Judge Herndon with the United States Court of Appeals for the Seventh Circuit. (Doc. 10, pp. 1, 8). He states that the complaint was "intentionally and illegally dismissed." (Doc. 10, pp. 8-9).

not give him a new opportunity to appeal the final judgment at Doc. 8.  *See Eskridge v. Cook Cnty.*, 577 F.3d 806, 808-09 (7th Cir. 2009).

A motion for leave to appeal *in forma pauperis* must set forth the issues Petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Petitioner does choose to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00 appellate filing fee, commensurate with his ability to pay.  *See Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000); FED. R. APP. P. 3(e).  An appellant who is granted IFP status still incurs the obligation to pay the entire appellate filing fee.  *Thomas v. Zatecky*, 712 F.3d 1004, 1004-05 (7th Cir. 2013); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: October 13, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**